Christopher S. Marchese (SBN 170239)
marchese@fr.com
Jason W. Wolff (SBN 215819)
wolff@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
Tim Rawson (SBN 304755)
rawson@fr.com
Cheryl Wang (SBN 323305)
cwang@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*[Additional Counsel Listed on Signature Page]*

Attorneys for Plaintiff *Platform Science, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATFORM SCIENCE, INC., | Case No. **'25CV457  BEN SBC** |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT** |
| v. | |
| FLEET CONNECT SOLUTIONS LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMPLAINT FOR DECLARATORY JUDGMENT

Platform Science, Inc. ("Platform Science" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint for a Declaratory Judgment against Defendant Fleet Connect Solutions LLC ("Fleet Connect" or "Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1.    Platform Science seeks a declaration of non-infringement of three sets of United States Patents, referred to collectively as the "Patents-in-Suit":

- U.S. Patent Nos. 6,941,223 (the "'223 Patent"), 7,206,837 (the "'837 Patent"), 7,741,968 (the "'968 Patent"), and 6,429,810 (the "'810 Patent") (collectively, the "Tracking Patents"); and

- U.S. Patent Nos. 6,961,586 (the "'586 Patent"), 7,593,751 (the "'751 Patent"), 8,862,184 (the "'184 Patent"), 9,299,044 (the "'044 Patent"), 9,747,565 (the "'565 Patent") (collectively, the "Field Assessment Patents").

- U.S. Patent No. 7,742,388 (the "'388 Patent," or the "Wireless Patent").

2.    Platform Science seeks this relief because Fleet Connect has embarked on a campaign to sue downstream Platform Science customers, accusing them of infringing these patents in district courts across the country by virtue of their alleged use of Platform Science products and services.

3.    For example, Fleet Connect has sued Platform Science customers Schneider National Carriers, Inc. and Werner Enterprises, Inc.  *See Fleet Connect Solutions LLC v. Schneider National Carriers Inc.*, 2:24-cv-10435-HDV-MAR (C.D. Cal.), Dkt. No. 1 (the "Schneider Complaint"), *Fleet Connect Solutions LLC v. Werner Enterprises Inc.*, 3:25-cv-00233-G (N.D. Tex.), Dkt. No. 1 (the "Werner Complaint") (collectively, the "Customer Complaints").  Fleet Connect alleges that Schneider's and Werner's use of Platform Science products infringes various

Patents-in-Suit. *See, e.g.*, Schneider Complaint ¶¶ 14–16; Werner Complaint ¶¶ 16–18.

4. In addition, Fleet Connect has sued Platform Science customer C.R. England. *See Fleet Connect Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No. 1 (the "C.R. England Complaint"). On September 30, 2025, Fleet Connect attempted to amend the CR. England Complaint alleging that "[b]ased upon public information, C.R. England uses, causes to be used, provides, supplies, or distributes one or more fleet management platform and tracking solutions utilizing infringement systems and/or methods manufactured by ORBCOMM and/or Platform Science, including, but not limited to . . . (4) PS Navigation; (5) PS Analytics; (6) PS Telematics; (7) PS Workflow; (8) PS Messages; (9) In-Cab Tablets; (10) Connected Vehicle Device; (11) ELD devices including a Connected Vehicle Device and In-Cab Tablet; (12) In-Vehicle Display Tablets; (13) Platform Science; (14) PS DVIR; (15) PS Fleets; (16) PS HOS; (17) Fleet Management Software; (18) PS Form Messages; (19) PS Media Manager; and (20) PS Asset Tracking." *Id.* at Dkt. No. 73-1 ¶ 17. Fleet Connect alleges that at least the '837 Patent, '968 Patent, '810 Patent, '044 Patent, '565 Patent, and '388 Patent were among the patents infringed by C.R. England's use of the accused Platform Science products. *Id.* at Dkt. No. 73-1.

5. On information and belief, Fleet Connect's strategy is to exert pressure on Platform Science by suing Platform Science's customers and asserting patent infringement in connection with the customers' use of Platform Science's products.

6. In particular, Fleet Connect has sued Platform Science customers and partners in different courts, asserting various mostly non-overlapping subsets of the Patents-in-Suit.

7. Fleet Connect's lawsuits have placed a cloud over Platform Science and its products and have disrupted its business. Fleet Connect's actions and allegations have injured and are injuring Platform Science's business and business

1  relationships, thereby creating a concrete, actual, and immediate justiciable
2  controversy between Platform Science and Fleet Connect.  Accordingly, Platform
3  Science brings this case to clear its name and any infringement claims pertaining to
4  its products and services and to protect its customers from baseless claims of patent
5  infringement.  Platform Science seeks a judicial declaration that it, its products, and
6  the use of those products as Platform Science instructs customers to use them, do
7  not infringe the Patents-in-Suit.

8                                              **PARTIES**

9        8.    Plaintiff Platform Science is a Delaware corporation with its principal
10  place of business at 9560 Town Centre Dr., Suite 200, San Diego, California 92121.
11  Platform Science was founded and headquartered in San Diego and its engineering,
12  design, development and management activities primarily take place (both now and
13  historically) in San Diego County at its headquarters.

14       9.    Upon information and belief, Defendant Fleet Connect Solutions LLC
15  is a limited liability company formed under the laws of the State of Texas, but with
16  an address in Melville, New York.

17      10.    On information and belief, Fleet Connect is a non-practicing entity
18  owned and controlled by Empire IP LLC.

19      11.    Fleet Connect has filed over 50 patent infringement lawsuits in at least
20  ten different district courts across the United States asserting various patents from its
21  portfolio, including some of the Patents-in-Suit, against a wide variety of defendants
22  in disparate lines of business.

23      12.    On information and belief, Fleet Connect's patent assertion strategy
24  targets consumers of technology—that is, downstream customers of technology
25  manufacturers, like Platform Science, which make the products that are alleged to
26  infringe.

27
28

**JURISDICTION AND VENUE**

13.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

14.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 based on a definite and concrete, real and substantial, justiciable controversy between Plaintiff, on the one hand, and Defendant, on the other hand, for declaratory judgment of patent non-infringement under 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

15.    The Court has personal jurisdiction over Fleet Connect because Fleet Connect has purposely conducted its patent enforcement activities in California and this District in particular, including by filing its lawsuits in the Central District of California where it has targeted and alleged infringement by Platform Science customers, including Schneider and C.R. England, Inc.  *See Fleet Connect Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No. 102 at 8–11. The infringement allegations in each case are premised on Platform Science products and services designed, built, improved, and maintained in San Diego over the past decade by Platform Science and its predecessor.

16.    After filing the Schneider Complaint, Fleet Connect approached Platform Science and requested that it enter into a non-disclosure agreement ("NDA") between itself and Platform Science for the express purpose of discussing the Fleet Connect patent portfolio and resolving Fleet Connect's infringement claims against Platform Science's customers based on use of Platform Science products.  Fleet Connect and Platform Science did enter into this NDA, thus further directing Fleet Connect's enforcement activities pertaining to the Patents-in-Suit towards Platform Science and this District.

17.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

# FACTUAL BACKGROUND

18.     Platform Science offers an open platform upon which commercial fleets (*e.g.*, trucking companies like C.R. England, Schneider, and Werner) may freely develop, customize, and integrate telematics, applications, and Internet of Things ("IoT") solutions for their businesses and end-users.  Its customers have the power to create or choose solutions and apps they need from among a variety of partners or build their own.

19.     In its complaints against Schneider, Werner, and C.R. England, Fleet Connect has alleged that it owns all right, title, and interest in the Patents-in-Suit, including the right to use and enforce the Patents-in-Suit.

20.     Each of Fleet Connect's Customer Complaints attaches one claim chart per asserted patent, which purports to show that use of Platform Science's "fleet management platform and tracking solutions" infringes that patent.  *See, e.g.*, **Exhibit 11** at 2.  The Customer Complaints provide a purportedly non-exhaustive list of these allegedly infringing Platform Science products, and allege that the use of a subset of these alleged products and services infringe each patent:

- PS DVIR
- PS Analytics
- PS Telematics
- PS Navigation
- PS Fleet
- PS Workflow
- PS HOS
- PS Messages
- PS Form Messages
- PS Media Manager
- PS Asset Tracking
- Fleet Management Software

- ELD devices including a connected vehicle device and in-cab Tablets *See* **Exhibits 11–19**.

21.    These claim chart attachments to the Customer Complaints show that Fleet Connect contends that Platform Science's Accused Products either allegedly infringe, or that use of these products allegedly infringes, the Patents-in-Suit.  They are attached hereto as **Exhibits 11** through **19**, per the table below:

| Exhibit Number | Patent at Issue |
|---|---|
| 11 | *Tracking* – US 6,941,223 (asserted against Schneider) |
| 12 | *Tracking* – US 7,206,837 (asserted against Schneider) |
| 13 | *Tracking* – US 7,741,968 (asserted against Schneider) |
| 14 | *Tracking* – US 6,429,810 (asserted against Werner) |
| 15 | *Field Assessment* – US 6,961,586 (asserted against Schneider) |
| 16 | *Field Assessment* – US 7,593,751 (asserted against Schneider) |
| 17 | *Field Assessment* – US 8,862,184  (asserted against Schneider) |
| 18 | *Wireless* – US 7,742,388 (asserted against Schneider) |
| 19 | *Wireless* – US 7,742,388 (asserted against Werner) |

22.    The Fleet Connect claim charts expressly and liberally cite Platform Science documentation and other materials related to Platform Science, largely taken from the Platform Science website.  Although some of the alleged products and services at issue in these claim charts correspond to marketing terminology and not actual products or services, all of the charts purport to demonstrate alleged patent infringement by, or as a result of using Platform Science products or services. The following products and services are Platform Science products and services that Fleet Connect alleges infringe (or have infringed) the Patents-in-Suit, or that use of the products or services is alleged to infringe (or has infringed) the Patents-in-Suit (the "Accused Products"):

- Connected Vehicle Device
- PS DVIR
- PS Workflow

- PS HOS
- PS Navigation

23.     Fleet Connect has alleged that Platform Science or its products infringe the Patents-in-Suit in other contexts, as well.  For example, Fleet Connect is in ongoing litigation with C.R. England, Inc., in the United States District Court for the Central District of California.  In that lawsuit, Fleet Connect attempted to amend its complaint to assert that C.R. England infringed certain Patents-in-Suit by virtue of its use of many of the same Platform Science products that Fleet Connect has targeted in its lawsuits against Schneider and Werner.  *Fleet Connect Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No. 71.

24.     However, Fleet Connect's effort to add the Platform Science products to the C.R. England case was denied, as the Court found, among other issues, that Fleet Connect's "untimely request to amend appears to be a bad faith attempt to avoid a stay in one of [Fleet Connect's] multiple lawsuits against intervenor-defendant ORBCOMM's customers."  *Id.*, Dkt. No. 102 at 10–11.

25.     More recently, on February 17, 2025, Fleet Connect sued a Platform Science partner, PACCAR, Inc. in the Eastern District of Texas, in a case captioned *Fleet Connect Solutions LLC v. PACCAR, Inc.*, 2:25-cv-00209-JRG-RSP (E.D. Tex.).  There, Fleet Connect alleges that announcements by PACCAR, Inc. and Platform Science to make Platform Science technology available in PACCAR trucks in the future gives rise to infringement by PACCAR, Inc. of six expired Fleet Connect patents.

26.     Platform Science has reasonable apprehension that Fleet Connect could file an action against Platform Science and allege that Platform Science has directly and/or indirectly infringed the Patents-in-Suit by making, using, importing, and/or offering for sale Platform Science's fleet telematics solutions (including the Accused Products), and that Fleet Connect will sue additional customers based on use of the Accused Products, triggering defense and indemnity obligations.  Neither

Platform Science, the Accused Products, nor its customers using the Accused Products infringe or have infringed, either directly or indirectly, any claim of any of the Patents-in-Suit.  In view of Fleet Connect's allegations that Platform Science's Accused Products infringe or have infringed the Patents-in Suit, its patent infringement claims in the Customer Complaints based upon alleged purchase and use of Platform's Science's Accused Products, and its patent licensing outreach to Platform Science, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## THE ASSERTED PATENTS

### The Tracking Patents

27.    On September 6, 2005, the United States Patent and Trademark Office (the "Patent Office") issued the '223 Patent, entitled "Method and system for dynamic destination routing" to Robert Schuessler.  The '223 Patent expired on March 7, 2023.  A true and correct copy of the '223 Patent is attached as **Exhibit 1**.

28.    On April 17, 2007, Patent Office issued the '837 Patent, entitled "Intelligent trip status notification" to Doree Duncan Seligmann.  The '837 Patent expired on September 12, 2024.  A true and correct copy of the '837 Patent is attached as **Exhibit 2**.

29.    On June 22, 2010, the Patent Office issued the '968 Patent, entitled "System and method for navigation tracking of individuals in a group" to David H. Tennenbaum, and Mary C. Tannenbaum.  The '968 Patent expires on August 21, 2025.  A true and correct copy of the '968 Patent is attached as **Exhibit 3**.

30.    On August 6, 2002, the Patent Office issued the '810 Patent, entitled "Integrated air logistics system" to Mark Stephen De Roche.  The '810 Patent expired on January 31, 2021.  A true and correct copy of the '810 Patent is attached as **Exhibit 4**.

### The Field Assessment Patents

31.     On November 1, 2005, the Patent Office issued the '586 Patent, entitled "Field assessments using handheld data management devices" to Frank A. Barbosa and Luis M. Ortiz.  The '586 Patent expired on or about October 14, 2022.  A true and correct copy of the '586 Patent is attached as **Exhibit 5**.

32.     On September 22, 2009, the Patent Office issued the '751 Patent, entitled "Conducting field operations using handheld data management devices" to Frank A. Barbosa and Luis M. Ortiz.  The '751 Patent expired on or about October 14, 2022.  A true and correct copy of the '751 Patent is attached as **Exhibit 6**.

33.     On October 14, 2014, the Patent Office issued the '184 Patent, entitled "System and methods for management of mobile field assets via wireless handheld devices" to Frank A. Barbosa and Luis M. Ortiz.  The '184 Patent expired on or about October 14, 2022.  A true and correct copy of the '184 Patent is attached as **Exhibit 7**.

34.     On March 29, 2016, the Patent Office issued the '044 Patent, entitled "System and methods for management of mobile field assets via wireless handheld devices" to Frank A. Barbosa and Luis M. Ortiz.  The '044 Patent expired on or about September 17, 2021.  A true and correct copy of the '044 Patent is attached as **Exhibit 8**.

35.     On August 29, 2017, the Patent Office issued the '565 Patent, entitled "System and methods for management of mobile field assets via wireless handheld devices" to Frank A. Barbosa and Luis M. Ortiz.  The '565 Patent expired on or about September 17, 2021.  A true and correct copy of the '565 Patent is attached as **Exhibit 9**.

### The Wireless Patent

36.     On June 22, 2010, the Patent Office issued the '388 Patent, entitled "Packet generation systems and methods" to Daniel Shearer and Mark A. Webster. The '388 Patent expires no later than July 10, 2028.  A true and correct copy of the '388 Patent is attached as **Exhibit 10**.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '223 Patent)

37.     Paragraphs 1 through 36 are incorporated herein as set forth above.

38.     In the Schneider Complaint, Fleet Connect has alleged that the Accused Products, or use of the Accused Products as instructed by Platform Science infringe claim 19 of the '223 Patent. *See* Schneider Complaint at 6-7; **Exhibit 11**.

39.     Contrary to Fleet Connect's allegations, the Accused Products do not infringe and have not infringed the '223 Patent, nor does use of the Accused Products infringe the '223 Patent.

40.     Neither the Accused Products nor their use infringes (or have infringed) any claims of the '223 Patent.

41.     Claim 19 of the '223 Patent is reproduced below:

| Limitation | Claim Language |
|---|---|
| 19[Preamble] | A method for destination routing of a vehicle, the method comprising the acts of: |
| 19[a] | determining, based on static information, an optimal route; |
| 19[b] | receiving additional information; |
| 19[c] | determining, based on a comparison of real travel parameters of the vehicle with travel parameters associated with the optimal route, whether the optimal route remains optimal; and |
| 19[d] | determining a new optimal route when the optimal route does not remain optimal, wherein the new optimal route is determined using the additional information, |
| 19[e] | wherein the travel parameters include at least one of travel time and traveled distance. |

42.     Neither the Accused Products nor their use satisfies at least limitation 19[a] of the '223 Patent.

43.     Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of the '223 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Fed. R. Civ. P. 57 that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '223 Patent.

44.     Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products—do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '223 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '223 Patent.

## COUNT II

### (Declaratory Judgment of Non-Infringement of the '837 Patent)

45.     Paragraphs 1 through 36 are incorporated herein as set forth above.

46.     In the Schneider Complaint, Fleet Connect has alleged that the Accused Products, or use of the Accused Products as instructed by Platform Science infringe claim 1 of the '837 Patent.  *See* Schneider Complaint at 9-10; **Exhibit 12**.  In addition, Fleet Connect alleges that the '837 Patent was infringed by C.R. England's alleged use of the accused Platform Science products.  *See Fleet Connect Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No. 73-1 ¶¶ 17, 126–141.

47.     Contrary to Fleet Connect's allegations, the Accused Products do not infringe and have not infringed the '837 Patent, nor does use of the Accused Products infringe the '837 Patent.

48.     Neither the Accused Products nor their use infringes (or have infringed) any claims of the '837 Patent.

49.     Claim 1 of the '837 Patent is reproduced below:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method comprising: |
| 1[a] | (i) receiving a location of a mobile communications device that is in transit to a destination; |
| 1[b] | (ii) estimating the time-of-arrival bounds for said mobile communications device at said destination for a confidence interval based on:<br>(a) said location, and<br>(b) at least one historical travel time statistic; and |
| 1[c] | (iii) sending the time-of-arrival bounds to said mobile communications device. |

50.    Neither the Accused Products nor their use satisfies at least limitation 1[b] of the '837 Patent.

51.    Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of the '837 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '837 Patent.

52.    Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products—do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '837 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '837 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '968 Patent)

53.    Paragraphs 1 through 36 are incorporated herein as set forth above.

54.    In the Schneider Complaint, Fleet Connect has alleged that the Accused Products, or use of the Accused Products as instructed by Platform Science infringe claim 4 of the '968 Patent. *See* Schneider Complaint at 11-14; **Exhibit 13**. In addition, Fleet Connect alleges that the '968 Patent was infringed by C.R. England's alleged use of the accused Platform Science products. *See Fleet Connect Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No. 73-1 ¶¶ 17, 142–157.

55.    Contrary to Fleet Connect's allegations, the Accused Products do not infringe and have not infringed the '968 Patent, nor does use of the Accused Products infringe the '968 Patent.

56.    Neither the Accused Products nor their use infringes (or have infringed) any claims of the '968 Patent.

57.    Claim 4 of the '968 Patent is reproduced below:

| Limitation | Claim Language |
|---|---|
| 4[Preamble] | The method of keeping track of a group of individuals, said method comprising: |
| 4[a] | receiving at a portable hand-held device current geographic location data pertaining to each of said individuals; |
| 4[b] | displaying said received current geographic location data on said portable hand-held device; |
| 4[c] | sending converging instructions to at least one of said individuals for allowing said individual to converge with said hand-held device; and |
| 4[d] | generating ETAs pertaining to convergence between said one individual and said handheld device. |

13
COMPLAINT FOR DECLARATORY JUDGMENT

58.     Neither the Accused Products nor their use satisfies at least limitation 4[a] of the '968 Patent.

59.     Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of the '968 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Fed. R. Civ. P. 57 that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '968 Patent.

60.     Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products—do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '968 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '968 Patent.

## COUNT IV

### (Declaratory Judgment of Non-Infringement of the '810 Patent)

61.     Paragraphs 1 through 36 are incorporated herein as set forth above.

62.     In the Werner Complaint, Fleet Connect has alleged that the Accused Products, or use of the Accused Products as instructed by Platform Science infringed claim 1 of the '810 Patent.  *See* Werner Complaint at 5-6; **Exhibit 14**.  In addition, Fleet Connect alleges that the '810 Patent was infringed by C.R. England's alleged use of the accused Platform Science products.  *See Fleet Connect Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No. 73-1 ¶¶ 17, 22–30.

63.     Contrary to Fleet Connect's allegations, the Accused Products do not infringe and have not infringed the '810 Patent, nor does use of the Accused Products infringe the '810 Patent.

64.    Neither the Accused Products nor their use infringes (or have infringed) any claims of the '810 Patent.

65.    Claim 1 of the '810 Patent is reproduced below:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method of providing container status information to a user, the method comprising of the steps of: |
| 1[a] | attaching an electronic communications unit to a shipping container; |
| 1[b] | generating a transaction identification code, wherein said transaction identification code is specific to said shipping container and specific to at least one user transaction; |
| 1[c] | initiating a status inquiry utilizing said transaction identification code, wherein said user performs said initiating step; |
| 1[d] | receiving said status inquiry by a ground communications system; |
| 1[e] | transmitting said status inquiry to said electronic communications unit by said ground communications system; |
| 1[f] | obtaining a status information response by said electronic communications unit; |
| 1[g] | transmitting said status information response to said ground communications system by said electronic communications unit; and |
| 1[h] | forwarding said status information response to said user by said ground communications system. |

66.    Neither the Accused Products nor their use satisfies at least limitation 1[a] of the '810 Patent.

67.    Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of

1  the '810 Patent by the Accused Products or their use that warrants issuance of a
2  declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57
3  that neither Platform Science nor its customers by virtue of using those Accused
4  Products have infringed the '810 Patent.

5      68.    Platform Science seeks and is entitled to a declaratory judgment that
6  Platform Science and the Accused Products—including use of the Accused Products
7  —do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '810
8  Patent.  Such a determination and declaration are necessary and appropriate at this
9  time to resolve the parties' dispute regarding alleged infringement of the '810
10 Patent.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '586 Patent)

13     69.    Paragraphs 1 through 36 are incorporated herein as set forth above.

14     70.    In the Schneider Complaint, Fleet Connect has alleged that the Accused
15 Products, or use of the Accused Products as instructed by Platform Science infringe
16 claim 9 of the '586 Patent.  *See* Schneider Complaint at 7-8; **Exhibit 15**.

17     71.    Contrary to Fleet Connect's allegations, the Accused Products do not
18 infringe and have not infringed the '586 Patent, nor does use of the Accused
19 Products infringe the '586 Patent.

20     72.    Neither the Accused Products nor their use infringes (or have infringed)
21 any claims of the '586 Patent.

22     73.    Claim 9 of the '586 Patent is reproduced below:

| Limitation | Claim Language |
|---|---|
| 9[Preamble] | A method of conducting a field assessment using a handheld data management device, comprising: |
| 9[a] | providing a hand held data management device user performing as a field assessor access to a industry-specific field assessment program module for enabling the field assessor to execute at least |

16
COMPLAINT FOR DECLARATORY JUDGMENT

| | one of the following field assessments: construction industry project analysis, HVAC system analysis; project management, equipment readiness, system and equipment troubleshooting, remote inventory tracking and ordering, conducting legal investigations in the field, and multi-users remote function coordination; |
|---|---|
| 9[b] | executing said program module to conduct the field assessment; |
| 9[c] | providing field-specific information required by said program module for said program module to render data in support of said field assessment; and |
| 9[d] | retrieving data through said handheld data management device in support of said field assessment. |

74.    Neither the Accused Products nor their use satisfies at least limitation 9[c] of the '586 Patent.

75.    Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of the '586 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Fed. R. Civ. P. 57 that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '586 Patent.

76.    Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products —do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '586 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '586 Patent.

## COUNT VI

### (Declaratory Judgment of Non-Infringement of the '751 Patent)

77.    Paragraphs 1 through 36 are incorporated herein as set forth above.

78.    In the Schneider Complaint, Fleet Connect has alleged that the Accused Products, or use of the Accused Products as instructed by Platform Science infringed claim 6 of the '751 Patent.  *See* Schneider Complaint at 10-11; **Exhibit 16.**

79.    Contrary to Fleet Connect's allegations, the Accused Products do not infringe and have not infringed the '751 Patent, nor does use of the Accused Products infringe the '751 Patent.

80.    Neither the Accused Products nor their use infringes (or have infringed) any claims of the '751 Patent.

81.    Claim 6 of the '751 Patent is reproduced below:

| Limitation | Claim Language |
| --- | --- |
| 6[Preamble] | A method for managing data during a field operation using a handheld field data management device, comprising the steps of: |
| 6[a] | providing a handheld field data management device to a user, said handheld field data management device configured to enable the user to manage data collected at a field operation location, wherein said field data management device includes: a memory containing at least one field data management program module for working with a microprocessor to process instructions enabling a handheld field assessment device user to find a field operation location, collect industry-specific data at the field operation location, and communicate in real-time with a remote server to transfer data to and from a remote server, obtain updated instructions or procedures, and for retrieving third party information useful for the field operation from the Internet; |

| | | a microprocessor executing said at least one field data management program; <br><br> a positioning module including GPS for determining handheld device location and configured to coordinate with mapping software to provide map directions to field operation locations; <br><br> a display for viewing field related data, maps and third party information retrieved from the Internet; <br><br> a user interface adapted for enabling the handheld data management device user to interact with said at least one field data management program; and <br><br> a wireless communication module for providing communications between the handheld field assessment device and the remote server, and for providing communications with third party resources from the Internet in support of field operations; |
|---|---|---|
| | 6[b] | enabling the user to access instructions including mapped directions from at least one of said field data management program and said remote sever to assist the user in finding a field operation location based on the location of the handheld field data management device; |
| | 6[c] | enabling the user to access instructions from said at least one field data management program to assist the user in collecting industry-specific data at the field operation location; and |
| | 6[d] | enabling the user to access instructions from said at least one field data management program to assist the user in communicating with a remote server using the handheld field data management device before, during and after the collection of industry-specific data at the field operation location. |

COMPLAINT FOR DECLARATORY JUDGMENT

82.     Neither the Accused Products nor their use satisfies at least limitation 6[d] of the '751 Patent.

83.     Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of the '751 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Fed. R. Civ. P. 57 that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '751 Patent.

84.     Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products —do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '751 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '751 Patent.

## COUNT VII

### (Declaratory Judgment of Non-Infringement of the '184 Patent)

85.     Paragraphs 1 through 36 are incorporated herein as set forth above.

86.     In the Schneider Complaint, Fleet Connect has alleged that the Accused Products, or use of the Accused Products as instructed by Platform Science infringe claim 1 of the '184 Patent.  *See* Schneider Complaint at 17-18; **Exhibit 17**.

87.     Contrary to Fleet Connect's allegations, the Accused Products do not infringe and have not infringed the '184 Patent, nor does use of the Accused Products infringe the '184 Patent.

88.     Neither the Accused Products nor their use infringes (or have infringed) any claims of the '184 Patent.

89.     Claim 1 of the '184 Patent is reproduced below:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method, comprising: |

| 1[a] | downloading a field assessment program to a handheld device from a server geographically distant from the handheld device; |
|------|---|
| 1[b] | executing the field assessment program on the handheld device, the field assessment program configured to enable assessment of a job; |
| 1[c] | collecting data associated with the job in response to prompts from the field assessment program; |
| 1[d] | obtaining information associated with a location of the job based at least part on determining the location of the job; |
| 1[e] | rendering the collected data using the handheld device based at least in part on the obtained information; and |
| 1[f] | providing the assessment of the job in response to the rendering. |

90.    Neither the Accused Products nor their use satisfies at least limitation 1[f] of the '184 Patent.

91.    Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of the '184 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '184 Patent.

92.    Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products—do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '184 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '184 Patent.

1

## <u>COUNT VIII</u>

2

**(Declaratory Judgment of Non-Infringement of the '044 Patent)**

3      93.     Paragraphs 1 through 36 are incorporated herein as set forth above.

4      94.     Fleet Connect alleges that the '044 Patent was infringed by C.R.

5  England's alleged use of the accused Platform Science products.  *See Fleet Connect*

6  *Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No.

7  73-1 ¶¶ 17, 176–184.

8      95.     Contrary to Fleet Connect's allegations, the Accused Products do not

9  infringe and have not infringed the '044 Patent, nor does use of the Accused

10 Products infringe the '044 Patent.

11     96.     Neither the Accused Products nor their use infringes (or have infringed)

12 any claims of the '044 Patent.

13     97.     Claim 1 of the '044 Patent is reproduced below:

14

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method, comprising: |
| 1[a] | accessing, at a beginning of a work shift using a handheld device, at least one template stored on a server located remotely from the handheld device, the at least one template listing tasks that are assigned to be completed before an end of the work shift; |
| 1[b] | reporting a status of each of the tasks at least once during the work shift by synchronizing the handheld device to the server; and |
| 1[c] | updating the at least one template stored on the server in response to the status with unfinished or new tasks. |

24

25     98.     Neither the Accused Products nor their use satisfies at least limitation

26 1[c] of the '044 Patent.

27     99.     Based on the foregoing, an actual controversy has arisen and now exists

28 between Platform Science and Fleet Connect regarding the alleged infringement of

the '044 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '044 Patent.

100. Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products—do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '044 Patent. Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '044 Patent.

## COUNT IX

### (Declaratory Judgment of Non-Infringement of the '565 Patent)

101. Paragraphs 1 through 36 are incorporated herein as set forth above.

102. Fleet Connect alleges that the '565 Patent was infringed by C.R. England's alleged use of the accused Platform Science products. *See Fleet Connect Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No. 73-1 ¶¶ 17, 185–193.

103. Contrary to Fleet Connect's allegations, the Accused Products do not infringe and have not infringed the '565 Patent, nor does use of the Accused Products infringe the '565 Patent.

104. Neither the Accused Products nor their use infringes (or have infringed) any claims of the '565 Patent.

105. Claim 1 of the '565 Patent is reproduced below:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method, comprising: |
| 1[a] | accessing a template stored on a server located remotely from a handheld device, the template listing tasks to be completed before an end of a work shift; |

| 1[b] | reporting a status of each of the tasks at least once by synchronizing the handheld device to the server; and |
|------|------|
| 1[c] | updating the template responsive to the status with unfinished or new tasks at the end of the work shift. |

106.   Neither the Accused Products nor their use satisfies at least limitation 1[c] of the '565 Patent.

107.   Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of the '565 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Fed. R. Civ. P. 57 that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '565 Patent.

108.   Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products —do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '565 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '565 Patent.

## COUNT X

### (Declaratory Judgment of Non-Infringement of the '388 Patent)

109.   Paragraphs 1 through 36 are incorporated herein as set forth above.

110.   In the Customer Complaints, Fleet Connect has alleged that the Accused Products, or use of the Accused Products as instructed by Platform Science, infringe claim 1 of the '388 Patent.  *See* Schneider Complaint at 14-16; Werner Complaint at 13-16;  **Exhibits 18, 19**.  In addition, Fleet Connect alleges that the '388 Patent was infringed by C.R. England's alleged use of the accused

Platform Science products. *See Fleet Connect Solutions LLC v. C.R. England, Inc.*, 5:24-cv-00376-KK-SP (C.D. Cal.), Dkt. No. 73-1 ¶¶ 17, 91–107.

111.    Contrary to Fleet Connect's allegations, the Accused Products do not infringe and have not infringed the '388 Patent, nor does use of the Accused Products infringe the '388 Patent.

112.    Neither the Accused Products nor their use infringes (or have infringed) any claims of the '388 Patent.

113.    Claim 1 of the '388 Patent is reproduced below:

| Limitation | Claim Language |
|---|---|
| 1[Preamble] | A method comprising: |
| 1[a] | generating a packet with a size corresponding to a protocol used for a network transmission, wherein the packet comprises a preamble having a first training symbol and a second training symbol; |
| 1[b] | increasing the size of the packet by adding subcarriers to the second training symbol of the packet to produce an extended packet, wherein a quantity of subcarriers of the second training symbol is greater than a quantity of subcarriers of the first training symbol; and |
| 1[c] | transmitting the extended packet from an antenna. |

114.    Neither the Accused Products nor their use satisfies at least limitation 1[b] of the '388 Patent.

115.    Based on the foregoing, an actual controversy has arisen and now exists between Platform Science and Fleet Connect regarding the alleged infringement of the '388 Patent by the Accused Products or their use that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57

that neither Platform Science nor its customers by virtue of using those Accused Products have infringed the '388 Patent.

116.    Platform Science seeks and is entitled to a declaratory judgment that Platform Science and the Accused Products—including use of the Accused Products—do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) the '388 Patent.  Such a determination and declaration are necessary and appropriate at this time to resolve the parties' dispute regarding alleged infringement of the '388 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a)    That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '223 Patent;

b)    That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '837 Patent;

c)    That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '968 Patent;

d)    That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '810 Patent;

COMPLAINT FOR DECLARATORY JUDGMENT

e)      That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '586 Patent;

f)      That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '751 Patent;

g)      That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '184 Patent;

h)      That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '044 Patent;

i)      That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '565 Patent;

j)      That the Court enter a judgment declaring that Platform Science, the Accused Products, and use of the Accused Products by Platform Science customers has not infringed (directly or indirectly) and does not infringe (directly or indirectly) the '388 Patent;

k)      That the Court issue an injunction to prevent Fleet Connect from continuing to sue Platform Science customers and partners based on their use and enjoyment of Platform Science products and services;

l)    That the Court find this case and Fleet Connect's actions directed to Platform Science and its customers and partners to be exceptional and award Platform Science its attorneys' fees under 35 U.S.C. § 285.

m)    That the Court award all other and further relief as it deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

Dated: February 27, 2025                    FISH & RICHARDSON P.C.


                                            By: /s/ Jason W. Wolff
                                                Christopher S. Marchese (SBN 170239)
                                                marchese@fr.com
                                                Jason W. Wolff (SBN 215819)
                                                wolff@fr.com
                                                Seth M. Sproul (SBN 217711)
                                                sproul@fr.com
                                                Tim Rawson (SBN 304755)
                                                rawson@fr.com
                                                Cheryl Wang (SBN 323305)
                                                cwang@fr.com
                                                Nathan Siegel
                                                siegel@fr.com
                                                FISH & RICHARDSON P.C.
                                                12860 El Camino Real, Suite 400
                                                San Diego, CA 92130
                                                Tel: (858) 678-5070 / Fax: (858) 678-5099

                                                Andrew Pearson (*PHV Pending*)
                                                apearson@fr.com
                                                FISH & RICHARDSON P.C.
                                                One Marina Park Drive
                                                Boston, MA 02210
                                                Tel: (617) 542-5070

                                            Attorneys for Plaintiff *Platform Science, Inc.*

28
COMPLAINT FOR DECLARATORY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28