UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATFORM SCIENCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FLEET CONNECT SOLUTIONS LLC, <br><br> Defendant. | Case No.: 25-cv-00457-DMS-SBC <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> **[ECF No. 55]** |

  Pending before the Court is Defendant Fleet Connect Solutions LLC's motion for reconsideration of this Court's Order granting in part and denying in part Defendant's motion to dismiss Plaintiff Platform Science, Inc.'s First Amended Complaint ("MTD Order"). (Mot., ECF No. 55-1). Plaintiff filed a response in opposition, (Opp'n, ECF No. 63), and Defendant filed a reply, (Reply, ECF No. 63). The matter is submitted on the briefs without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 67). For the following reasons, Defendant's motion is denied.

## I. BACKGROUND

Plaintiff is a leading manufacturer and provider of modern fleet telematics solutions to customers who operate long-haul, tractor trailer fleets that ship products across the country. (MTD Order, ECF No. 47, at 1). Defendant is the owner of numerous United States Patents related to fleet management ("patents-in-suit"), including: U.S. Patent Nos. 6,941,223 ("'223 patent"), 7,206,837 ("'837 patent"), 7,741,968 ("'968 patent"), 6,429,810 ("'810 patent"), 6,961,586 ("'586 patent"), 7,593,751 ("'751 patent"), 8,862,184 ("'184 patent"), 9,299,044 ("'044 patent"), 9,747,565 ("'565 patent"), 7,742,388 ("'388 patent"), 7,058,040 ("'040 patent"), 7,260,153 ("'153 patent"), 7,596,391 ("'391 patent"), and 7,656,845 ("'845 patent"). (*Id.* at 2). Plaintiff alleges Defendant has pursued an aggressive enforcement campaign and sued five of its customers in six different lawsuits in California and Texas ("Customer Litigations") for infringement of the patents-in-suit for use of Plaintiff's products and services, including Connected Vehicle Device ("CVD"), ELD Tablets, PS DVIR, PS Workflow, PS HOS, PS Navigation, and PS Messages ("Accused Products"). (*Id.*).

Plaintiff alleges it has contractual indemnity obligations to customers who use its products and is presently defending two of those customers in the Customer Litigations—Schneider National Carrier, Inc. ("Schneider") and Werner Enterprises, Inc. ("Werner"). (*Id.*). On December 4, 2024, Defendant filed a complaint in the Central District of California against Schneider for infringement of the '223, '837, '968, '586, '751, '184, and '388 patents based on Schneider's "making, using, [and] selling" of products, which included all of Plaintiff's Accused Products at issue in this declaratory judgment action ("*Schneider* Litigation"). (*Id.* at 3 (citations omitted)). On January 29, 2025, Defendant filed another lawsuit in the Northern District of Texas against Werner for infringement of the '810, '388, '040, '153, '391, and '845 patents based on Werner's "making, using, [and] selling" of the products, which included Platform Science's CVD and ELD Tablets ("*Werner* Litigation"). (*Id.* at 3–4 (citations omitted)).

To address Defendant's flurry of lawsuits, Plaintiff filed the present action on February 27, 2025, seeking declaratory judgment that none of its Accused Products or use of those products by its customers infringes any of the patents-in-suit. (*Id.* at 4). On May 14, 2025, Plaintiff filed its First Amended Complaint ("FAC"). (ECF No. 16). Defendant filed its motion to dismiss the FAC on May 28, 2025. (ECF No. 19). On August 11, 2025, the Court granted in part and denied in part Defendant's motion to dismiss the FAC. (MTD Order, ECF No. 47). Specifically, the Court granted Plaintiff's motion to dismiss as to the '565 and '044 patents, but denied as to all other patents-in-suit. (*Id.* at 20). The Court also denied Defendant's motions to dismiss for lack of personal jurisdiction and improper venue.[1] (*Id.*).

Defendant now moves this Court to reconsider part of the MTD Order. Specifically, Defendant argues that the Court was incorrect in deciding that it has subject matter jurisdiction over (1) the '040, '153, '845, and '388 patents, and (2) the '810 and '391 patents as to the Accused Products other than the CVD and ELD Tablets.[2] (Mot. 8–9).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[3] However, a motion for reconsideration may be construed as a motion to amend judgment under Federal Rule of Civil Procedure 60(b). *See In re Arrowhead Estates*

---

[1] The MTD Order contains further background information not necessary to repeat here. (*See* MTD Order 2–5).

[2] The Court held it had subject matter jurisdiction over these patents based on Plaintiff's indemnification obligations, rather than a separate totality of the circumstances analysis, as described in detail below, *see infra* III. (*See* Mot. 3–4).

[3] However, Local Rule 7.1(i) does permit motions for reconsideration. S.D. Cal. Civ. R. 7.1(i). Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." *Id.* The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

*Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  Rule 60(b) states that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III.  DISCUSSION

Subject matter jurisdiction exists for declaratory judgment—satisfying Article III's "case or controversy" requirements—when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S 118, 127 (2007) (internal quotations omitted).  In *Arris Grp., Inc. v. Brit. Telecomms. PLC*, the Federal Circuit held that a supplier has standing to commence a declaratory judgment action "where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment[] . . . if (a) the supplier is obligated to indemnify its customers from infringement liability, or (b) there is controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers."  639 F.3d 1368, 1375 (Fed. Cir. 2011).

In its MTD Order, the Court held "[b]ased upon Plaintiff's indemnity obligations in the *Schneider* and *Werner* cases, Plaintiff has shown that subject matter jurisdiction exists over 12 of the 14 patents-in-suit: the '223, '586, '837, '751, '968, '388, and '184 patents asserted against Schneider, and the '810, '388, '040, '153, '391, and '845 patents asserted against Werner."  (MTD Order 11).  Defendant argues that the Court, in coming to this ruling, misapplied and misinterpreted *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899

(Fed. Cir. 2014). (*See* Mot. 8). Defendant raises only Rule 60(b)(1) as the basis for its motion for reconsideration. Thus, the Court only considers whether the MTD Order contained "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1).

Defendant argues that "*DataTern* makes clear that the first prong of the *Arris* test only confers subject matter jurisdiction if the declaratory judgment action was filed ***before*** the accused customer was sued." (Mot. 15 (emphasis in original)). In support of its argument, Defendant cites the following:

> Importantly, even if there were such an obligation—to indemnify a customer already sued by the patentee in Texas—it would not justify what Appellees seek here. A case has already been filed against these customers in the Eastern District of Texas. Appellees cannot seek a declaration from a New York court on behalf of customers they must indemnify where a suit against these very same customers on all the same issues was *already* underway in a Texas court. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). By agreeing to indemnify any one of their customers, Microsoft could defend its customers and efficiently and effectively participate in *the Texas action*. We do not address whether Appellees would be entitled to file a declaratory judgment action if they were obligated to indemnify a customer who had not already been sued by DataTern.

(*Id.* (quoting *DataTern*, 755 F.3d at 904 (emphasis in original))). Thus, Defendant contends that because the *Schneider* and *Werner* cases were filed before the present action, Plaintiff must intervene in those cases and cannot establish jurisdiction under the indemnification prong in a separate, later-filed declaratory action.

However, Plaintiff correctly argues that *DataTern* "definitively states that '[i]f [the suppliers] had an obligation to indemnify their customers, they would then have standing to bring suit.'" (Opp'n 4 (emphasis omitted) (citing *DataTern*, 755 F.3d at 907)). Additionally, Plaintiff correctly distinguishes the facts of *DataTern* from the present case. In *DataTern*, the patent infringement suit against "multiple customers of the same suppliers [was] already underway in another single court, and the declaratory judgment suit dealt with the 'very same customers on all same issues' in the already filed customer cases.'"

(Opp'n 5). Conversely, here, Defendant filed "multiple suits against different customers in different courts asserting different but overlapping sets of patents." (*Id.*). Indeed, the *Schneider* Litigation, in the Central District of California, involves the '223, '837, '968, '586, '751, '184, and '388 patents, while the *Werner* Litigation, in the Northern District of Texas, involves '810, '388, '040, '153, '391, and '845 patents (only one common patent-in-suit). Thus, Plaintiff would have to intervene in both cases, whereas, in *DataTern*, the supplier "could defend its customers and efficiently and effectively participate" in a single action. *See DataTern*, 755 F.3d at 904; *see also Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (holding "[w]hen two actions that *sufficiently overlap* are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, *generally* is to be stayed, dismissed, or transferred to the forum of the infringement action" (emphasis added)).

Considering the above, the Court stands on its previous determinations: (1) *DataTern* does not require Plaintiff to intervene in the existing infringement suits (rather than bring this declaratory action), (*see* MTD Order 11); and (2) "it would be neither 'efficient' nor 'effective' to require Plaintiff to 'participate in the [*Werner*] Texas action' in the Northern District of Texas and the California *Schneider* action in the Central District of California to address the patents-in-suit," particularly when the district court in *Schneider* stayed that action and deferred to this Court (*id.* at 19–20 (citing *DataTern*, 755 F.3d at 904)). Accordingly, Defendant's motion for reconsideration is denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED.**

Dated: December 31, 2025

Hon. Dana M. Sabraw
United States District Judge